UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BEST CASE AND ACCESSORIES, INC.,

                Plaintiff,

Civil Action No.
18 CV

    - vs. -

ZAGG, INC.,

                Defendant.

**COMPLAINT**

x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff BEST CASE AND ACCESSORIES, INC. ("Plaintiff" or "Best Case"), as and for its complaint against Defendant ZAGG, INC. ("Defendant" or "Zagg"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff offers for sale various accessories for use with mobile phones, including a line of smartphone screen protection products under the brand name ARMOR EDGE (the "Product"). Beginning in June 2018, Plaintiff's Product has been offered for sale nationwide at Best Buy stores.

2. Defendant Zagg offers for sale a competing line of products, which are also offered for sale at many retail outlets, under the brand name INVISIBLE SHIELD, among others.

3. Defendant is attempting to hinder Plaintiff's ability to compete in the marketplace for smartphone screen protection devices by, among other things, unfairly competing against Plaintiff by attempting to disrupt Plaintiff's relationship with Best Buy, and by attempting to manufacture baseless claims of trade dress infringement.

4. Because Defendant has embarked on an effort to destroy Plaintiff's market for its competing products, Plaintiff brings this action for damages resulting from Defendant's tortious conduct, as well as for declaratory judgment to resolve the allegations against Plaintiff for trade dress infringement, by establishing that Plaintiff has not violated any of Defendant's rights whatsoever.

## THE PARTIES

5. Plaintiff is a New York corporation, organized and existing according to law, and maintains its principal place of business at 140 58th Street, Suite I, Brooklyn, New York 11220.

6. Defendant Zagg, Inc. is, upon information and belief, a Nevada corporation, organized and existing according to law, and maintains its principal place of business at 910 West Legacy Center Way, Suite 500, Midvale, UT 84047.

7. Plaintiff markets and sells its ARMOR EDGE product in the Eastern District of New York and throughout the United States.

8. Defendant is engaged in business in the Eastern District of New York and throughout the United States, and operates physical retail outlets within the Eastern District of New York under the name Zagg, Inc., offering its INVISIBLE SHIELD product line, among others, to consumers in New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

10. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, in that this is an action arising under the trademark laws of the United States.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to this action occurred in this District, Plaintiff suffered the damages caused by Defendant's tortious conduct in this District, and the alleged acts of infringement took place in this District.

## THE FACTS

12. Plaintiff and Defendant are competitors in the market for smartphone screen protection products.

13. Plaintiff and Defendant both offer their said products for sale through retail outlets.

14. Upon information and belief, in order to blunt the increasing consumer acceptance of Plaintiff's Product rather than Defendant's competing product, Defendant has embarked on a strategy to hinder Plaintiff's ability to market and sell the Product by interfering with Plaintiff's relationship with Best Buy, and by attempting to manufacture a claim of trade dress infringement to drive Plaintiff's Product out of the market or, at least, to force Plaintiff to incur substantial and unnecessary expenses.

15. Upon information and belief, as soon as Plaintiff launched the marketing of the Product at Best Buy stores nationwide in June 2018, Defendant contacted Apple, Inc., urging Apple to take action to stop the marketing of Plaintiff's Product to the extent that Plaintiff's marketing display racks used an image of Apple's iPhone to identify the nature and intended use of the Product.

16. Specifically, upon information and belief, within one or two days of the racks being installed on the retail floor of Best Buy stores around the country, Apple contacted Best Buy by letter, demanding that Best Buy remove iPhone imagery depicted on the racks.

17. Upon information and belief, Apple never reacts this quickly to any perceived issue with the use of an image of its iPhone for this purpose, but instead would normally take months even to notice it.

18. Rather, upon information and belief, the individual acting on behalf of Zagg had enough influence at Apple to cause Apple to send a letter, and to do so with uncharacteristic speed.

19. Given Apple's significant share of the market for smartphones and other products offered for sale by Best Buy, Defendant knew that, as a practical reality, Best Buy would have no choice but to accommodate Apple's request.

20. Best Buy then contacted Best Case's independent representative, Tom Derouin, demanding a fix. In essence, Mr. Derouin was told that Apple's main problem was with the "shipper," also known as the "corrugated shipper," which is the cardboard display rack itself. Apple indicated that it did not want its product images reproduced on cardboard, because it "looks bad."

21. In response to this chain of events put in motion by Defendant for the purpose and with the effect of hindering Plaintiff's ability to offer its competing Product, Plaintiff is being required to change its marketing racks at a substantial cost.

22. In taking the actions as aforesaid to hinder and disrupt Plaintiff's ability to market its Product and compete with Defendant's Product, Defendant intentionally interfered with

Plaintiff's relationship with Best Buy without justification, causing Plaintiff damages in an amount exceeding $100,000.00.

23. In taking the actions as aforesaid to hinder and disrupt Plaintiff's ability to market its Product and compete with Defendant's Product, Defendant acted with malice.

### First Cause of Action

24. Plaintiff had and has an existing business relationship with Best Buy.

25. Defendant was aware of Plaintiff's business relationship with Best Buy, and as aforesaid, intentionally and with malice adopted a plan of action to interfere with that relationship.

26. Defendant interfered with Plaintiff's relationship with Best Buy by setting in motion a chain of events which Defendant knew and intended would result in Best Buy's demand to Plaintiff to remove and replace the marketing racks as aforesaid, thus Plaintiff's hindering Plaintiff's ability to offer its competing Product.

27. Defendant acted with malice and used dishonest, unfair and improper means to interfere with Plaintiff's relationship with Best Buy.

28. Plaintiff's relationship with Best Buy was injured as a result of Defendant's actions.

29. As a result of Defendant's actions as aforesaid, Plaintiff suffered damages in excess of $100,000.00.

### Second Cause of Action

30. As part of Defendant's strategy, on July 2, 2018, Plaintiff received a letter from Defendant's attorney, alleging that the packaging of Plaintiff's Product infringed on Defendant's

trade dress rights in the packaging of its competing products. A true and complete copy of said letter is annexed hereto as Exhibit 1.

31. Defendant alleged that the packaging of Plaintiff's Product was supposedly confusingly similar to the packaging of Defendant's products.

32. Defendant further alleged that, because of the similarity of the packaging of the two competing products, consumers will be confused about the origin of Plaintiff's Product.

33. Defendant alleged that Plaintiff's actions violated Defendant's trade dress and other rights under the Lanham Act.

34. Plaintiff disputes all of Defendant's allegations of trade dress or other infringements of Defendant's rights.

35. This case involves a present and ongoing dispute between Plaintiff and Defendant with respect to their rights in and to the packaging of their competing products. The value of the products at issue exceeds, by a very substantial amount, the sum of $75,000.00, exclusive of interest and costs.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff brings this action to obtain a declaration of the respective rights and obligations of the parties, and to obtain a determination and a declaration by this Court that Plaintiff has not infringed Defendant's rights as aforesaid, and that Defendant's claims to the contrary in its letter of July 2, 2018, are legally and factually baseless.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff demands the entry of judgment in its favor and against Defendant: (i) awarding Plaintiff its damages as a result of Defendant's wrongful and tortious conduct as aforesaid; (ii) declaring and determining that Plaintiff has not infringed on any right

6

of or obligation owed to Defendant; (ii) declaring and determining that Plaintiff has properly marketed and sold its products without infringing on any right of Defendant; (iii) awarding Plaintiff reasonable attorneys' fees and costs pursuant to Section 505 of the Copyright Act; and (iv) awarding Plaintiff such other, further and different relief, including the costs of this action, as the Court deems just and equitable.

Dated: July 13, 2018

**SCHLAM STONE & DOLAN LLP**

By: /s/
Richard H. Dolan (RD-2212)

26 Broadway
New York, NY 10004
Tel: (212) 344-5400
Fax: (212)- 344-7677
Email: RHD@schlamstone.com

-and-

**LAW OFFICES OF PHILIP A. KANTOR, P.C.**

By:
Philip A. Kantor

1781 Village Center Circle – Ste. 120
Las Vegas, Nevada 89134
Telephone No.: (702) 255-1300
Fax No.: (702) 256-6331
Email: prsak@aya.yale.edu

*Attorneys for Plaintiff*