UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BEST CASE AND ACCESSORIES, INC.,

            Plaintiff,

- vs. -

ZAGG, INC.,

            Defendant.

x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.
18 CV 4048 (LDL)(RBL)

**AMENDED COMPLAINT**

Plaintiff BEST CASE AND ACCESSORIES, INC. ("Plaintiff" or "Best Case"), as and for its complaint against Defendant ZAGG, INC. ("Defendant" or "Zagg"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff offers for sale various accessories for use with cellphones, including a line of smartphone screen protection products under the brand name ARMOR EDGE (the "ARMOR EDGE Product"). Beginning in June 2018, the ARMOR EDGE Product has been offered for sale nationwide at Best Buy stores.

2. Defendant Zagg offers for sale a competing line of products, which are also offered for sale at many retail outlets, under the brand name INVISIBLE SHIELD, among others (the "INVISIBLE SHIELD Product").

3. Defendant is attempting to hinder Plaintiff's ability to compete in the marketplace for smartphone screen protection devices by, among other things, disrupting Plaintiff's relationship with Best Buy, and by attempting to manufacture baseless claims of trade dress infringement.

4. Because Defendant has embarked on an effort to destroy Plaintiff's market for the ARMOR EDGE product, Plaintiff brings this action for damages resulting from Defendant's tortious conduct, as well as for declaratory judgment to resolve the allegations against Plaintiff for trade dress infringement, by establishing that Plaintiff has not violated any of Defendant's rights whatsoever.

## THE PARTIES

5. Plaintiff is a New York corporation, organized and existing according to law, and maintains its principal place of business at 140 58th Street, Suite I, Brooklyn, New York 11220.

6. Defendant Zagg, Inc. is, upon information and belief, a Nevada corporation, organized and existing according to law, and maintains its principal place of business at 910 West Legacy Center Way, Suite 500, Midvale, UT 84047.

7. Plaintiff markets and sells the ARMOR EDGE Product in the Eastern District of New York and throughout the United States.

8. Defendant is engaged in business in the Eastern District of New York and throughout the United States, and operates physical retail outlets within the Eastern District of New York under the name Zagg, Inc., offering the INVISIBLE SHIELD Product, among others, to consumers in New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

10.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, in that this is an action arising under the trademark laws of the United States.

11.     Venue is proper in this District pursuant to 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to this action occurred in this District, Plaintiff suffered the damages caused by Defendant's tortious conduct in this District, and the alleged acts of infringement took place in this District.

## THE FACTS

12.     Plaintiff and Defendant are competitors in the market for smartphone screen protection products.

13.     Plaintiff and Defendant both offer their said products for sale through retail outlets.

14.     Upon information and belief, in order to blunt the increasing consumer acceptance of the ARMOR EDGE Product rather than the INVISIBLE SHIELD Product, Defendant has embarked on a strategy to hinder Plaintiff's ability to market and sell the ARMOR EDGE Product by interfering with Plaintiff's relationship with Best Buy, and by attempting to manufacture a claim of trade dress infringement to drive the ARMOR EDGE Product out of the market or, at least, to force Plaintiff to incur substantial and unnecessary expenses.

15.     Prior to June 2018, Best Case and Best Buy worked out the design of merchandizing display racks for the ARMOR EDGE Product to be used at Best Buy stores (the "ARMOR EDGE display racks"). Best Buy then built and deployed the ARMOR EDGE display racks at Best Buy stores nationwide. The ARMOR EDGE display racks, approved, built and

deployed by Best Buy, displayed images of APPLE and SAMSUNG cellphones in connection with the ARMOR EDGE Products.

16. Upon information and belief, as soon as Plaintiff launched the marketing of the ARMOR EDGE Product at Best Buy stores nationwide in June 2018, Defendant contacted Apple, Inc., urging Apple to take action against the ARMOR EDGE display racks.

17. Upon information and belief, at all applicable times, Defendant had considerable influence over Apple, based on its acquisition of Mophie, Inc. in 2016. Mophie is one of the foremost vendors of iPhone-compatible products in the world. Leveraging this influence, upon information and belief, Defendant requested Apple to write to Best Buy demanding that images of APPLE cellphones be removed from ARMOR EDGE display racks, on the ostensible grounds that the use of these images violated Apple's image-use policy.

18. In fact, the image-use policy applies to Apple licensees. The merchandizing program at issue was not pursuant to any license from Apple, and the image-use policy invoked by Defendant was not applicable to the merchandizing program. Upon information and belief, Defendant was interested solely in maliciously harming Plaintiff, and used its influence with Apple, as a tool, to carry out its plan to drive a wedge between Best Buy and Plaintiff by attacking the ARMOR EDGE display racks the parties had jointly developed and deployed.

19. Upon information and belief, within one or two days of the ARMOR EDGE display racks being installed on the retail floor of Best Buy stores around the country, Apple contacted Best Buy by letter, demanding that Best Buy remove iPhone imagery depicted on the racks. Given Apple's significant share of the market for smartphones and other products offered for sale by Best Buy, Defendant knew that, as a practical reality, Best Buy would have no choice

but to accommodate Apple's request, regardless of the fact that neither Best Buy nor Plaintiff had done anything wrong, nor were they required to act on Apple's request.

20. Best Buy then contacted Best Case's independent representative, Tom Derouin, demanding a fix. In essence, Mr. Deroin was told that Apple's main problem was with the "shipper," also known as the "corrugated shipper," *i.e.*, the ARMOR EDGE display racks. Mr. Derouin was told by Best Buy that Plaintiff must immediately take whatever action was necessary to remove the APPLE cellphone images from the ARMOR EDGE display racks. Plaintiff thereupon complied with the demand at considerable cost, trouble and embarrassment.

21. In taking the actions as aforesaid to hinder and disrupt Plaintiff's ability to market its ARMOR EDGE Product, Defendant intentionally interfered with Plaintiff's relationship with Best Buy without justification. (1) Plaintiff had a strong relationship with Best Buy, and jointly developed and deployed the ARMOR EDGE display racks. (2) Defendant interfered with the relationship by influencing Apple to act as its tool on a pretext having no true basis in law or policy. (3) Defendant acted with the sole purpose of harming Plaintiff using improper means, namely, influence causing Apple to act on a pretext having no true basis in law or policy. (4) Defendant injured Plaintiff's relationship with Best Buy, causing Plaintiff to incur significant out-of-pocket costs to rapidly alter the ARMOR EDGE display racks in a bid to salvage the relationship, as well as distraction and embarrassment at the outset of a merchandizing program that was unproven at the time. Plaintiff's injuries are in excess of $100,000.

22. In taking the actions as aforesaid to hinder and disrupt Plaintiff's ability to market its Product and compete with Defendant's Product, Defendant acted with malice.

### First Cause of Action

23. Plaintiff had and has an existing business relationship with Best Buy.

24. Defendant was aware of Plaintiff's business relationship with Best Buy, and as aforesaid, intentionally and with malice adopted a plan of action to interfere with that relationship.

25. Defendant interfered with Plaintiff's relationship with Best Buy by influencing Apple to demand that Best Buy remove and replace the ARMOR EDGE display racks as aforesaid, thus driving a wedge between Best Buy and Plaintiff regarding the cost, distraction and embarrassment of complying with Apple's demand.

26. Defendant acted with malice and used dishonest, unfair and improper means to interfere with Plaintiff's relationship with Best Buy.

27. Plaintiff's relationship with Best Buy was injured as a result of Defendant's actions.

28. As a result of Defendant's actions as aforesaid, Plaintiff suffered damages in excess of $100,000.

## Second Cause of Action

29. As part of Defendant's strategy, on July 2, 2018, Plaintiff received a letter from Defendant's attorney, alleging that the packaging of Plaintiff's ARMOR EDGE Product infringed on Defendant's trade dress rights in the packaging of its INVISIBLE SHIELD Product. A true and complete copy of said letter is annexed hereto as Exhibit 1.

30. Defendant alleged that the packaging of the ARMOR EDGE Product was confusingly similar to the packaging of the INVISIBLE SHIELD Product.

31. Defendant further alleged that, because of the similarity of the packaging of the two competing products, consumers would be confused about the origin of the ARMOR EDGE Product.

32. Defendant alleged that Plaintiff's actions violated Defendant's trade dress and other rights under the Lanham Act.

33. Plaintiff disputes all of Defendant's allegations of trade dress or other infringements of Defendant's rights.

34. This case involves a present and ongoing dispute between Plaintiff and Defendant with respect to their rights in and to the packaging of their competing products. The value of the products at issue exceeds, by a very substantial amount, the sum of $75,000, exclusive of interest and costs.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff brings this action to obtain a declaration of the respective rights and obligations of the parties, and to obtain a determination and a declaration by this Court that Plaintiff has not infringed Defendant's rights as aforesaid, and that Defendant's claims to the contrary in its letter of July 2, 2018, are legally and factually baseless.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the entry of judgment in its favor and against Defendant: (i) awarding Plaintiff its damages as a result of Defendant's wrongful and tortious conduct as aforesaid; (ii) declaring and determining that Plaintiff has not infringed on any right of or obligation owed to Defendant; (ii) declaring and determining that Plaintiff has properly marketed and sold its products without infringing on any right of Defendant; (iii) awarding Plaintiff reasonable attorneys' fees and costs pursuant to Section 505 of the Copyright Act; and (iv) awarding Plaintiff such other, further and different relief, including the costs of this action, as the Court deems just and equitable.

Dated: February 26, 2019

**SCHLAM STONE & DOLAN LLP**

By: /s/ Richard H. Dolan
Richard H. Dolan (RD-2212)

26 Broadway
New York, NY 10004
Tel: (212) 344-5400
Fax: (212)- 344-7677
Email: RHD@schlamstone.com

*-and-*

**LAW OFFICES OF PHILIP A. KANTOR, P.C.**

By: /s/ Philip A. Kantor
Philip A. Kantor (1622737)

1781 Village Center Circle – Ste. 120
Las Vegas, Nevada 89134
Telephone No.: (702) 255-1300
Fax No.: (702) 256-6331
Email: prsak@aya.yale.edu

*Attorneys for Plaintiff*